UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESSICA BECKER,

        Plaintiff,

     v.

NANCY A. BERRYHILL,[1] Commissioner of
 Social Security,

        Defendant.
_____

**DECISION
and
ORDER**

**17-CV-00770F**
(**consent**)

APPEARANCES:  LAW OFFICES OF KENNETH R. HILLER, PLLC
        MARY ELLEN GILL, and
        KENNETH R. HILLER, of Counsel
        Attorneys for Plaintiff
        6000 North Bailey Avenue
        Suite 1A
        Amherst, New York 14226

        JAMES P. KENNEDY, JR.
        UNITED STATES ATTORNEY
        Attorney for Defendant
        Federal Centre
        138 Delaware Avenue
        Buffalo, New York 14202
           and
        PRASHANT TAMASKAR,
        Special Assistant United States Attorneys, of Counsel
        United States Attorney's Office
        c/o Social Security Administration
        Office of General Counsel
        26 Federal Plaza
        Room 3904
        New York, New York 10278
           and

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Fed.R.Civ.P. 25(d), Berryhill is substituted for Carolyn W. Colvin as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

DENNIS J. CANNING and
KIMBERLY GOFF,
Special Assistant United States Attorneys, of Counsel
c/o Social Security Administration
Office of General Counsel
601 East 12th Street
Room 965
Kansas City, Missouri  64106

**JURISDICTION**

On June 19, 2018, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 13). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on April 16, 2018 (Dkt. 9), and by Defendant on June 19, 2018 (Dkt. 12).

**BACKGROUND**

Plaintiff Jessica Becker ("Plaintiff"), brings this action under the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on December 17, 2013, for Disability Insurance Benefits under Title II of the Act ("SSDI" or "disability benefits"). Plaintiff alleges she became disabled on October 8, 2013, based on back and neck pain, inability to bend over or turn head, trouble walking, sitting, and standing, constant pain, depression, anxiety, bipolar disorder, and mood swings. AR[2] at 178. Plaintiff's application was denied on February 6, 2014, AR at 90, and at Plaintiff's timely request, on February 17, 2016, a hearing was held in Buffalo, New York before administrative law judge Lynette

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on February 14, 2018 (Dkt. 6).

2

Gohr ("the ALJ").  AR at 48-88.  Appearing and testifying at the hearing were Plaintiff, with legal counsel Ida Comerford ("Comerford"), and vocational expert Michele Erbacher ("the VE").

On March 7, 2016, the ALJ issued a decision denying Plaintiff's claim, AR at 24-47 ("the ALJ's decision"), which Plaintiff appealed to the Appeals Council, with Comerford appointed to represent Plaintiff on her administrative appeal.  AR at 124.  On June 16, 2017, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision.  AR at 1-3.  On August 9, 2017, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On April 16, 2018, Plaintiff filed a motion for judgment on the pleadings (Dkt. 9) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 9-1) ("Plaintiff's Memorandum").  On June 19, 2018, Defendant filed a motion for judgment on the pleadings (Dkt. 12) ("Defendant's Motion"), attaching the Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to the Local Standing Order on Social Security Cases (Dkt. 12-1) ("Defendant's Memorandum").  On June 29, 2018, Plaintiff filed Plaintiff's Reply to Commissioner's Memorandum in Support (Dkt. 14) ("Plaintiff's Reply"), advising Plaintiff offered no further argument but relies on the original arguments and authorities set forth in Plaintiff's Memorandum.  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Jessica Becker ("Plaintiff" or "Becker"), born December 12, 1982, was 30 years old as of October 8, 2013, her alleged disability onset date ("DOD"). AR at 157. Plaintiff completed tenth grade in special education classes, but received no vocational training and has not obtained a general equivalency degree ("GED"). AR at 52-53. As of the August 30, 2016 administrative hearing, Plaintiff lived with her husband and daughter, and had a valid driver's license. AR at 56-57. Plaintiff's past relevant work ("PRW"), includes work as a cook in various restaurant establishments. AR at 82-83, 180.

On January 29, 2014, Plaintiff, in connection with her disability benefits application, Plaintiff underwent a consultative physical examination by Abrar Siddiqui, M.D. ("Dr. Siddiqui"), AR at 319-22, as well as a consultative psychiatric examination by Kristina Luna, Psy.D. ("Dr. Luna"), AR at 323-27. Dr. Siddiqui reported Plaintiff's chief complaints as neck pain, depression, anxiety, and bipolar disorder. AR at 319. Despite a history of cervical bulging and herniated discs and spinal stenosis which is pinching the nerve,[4] upon physical examination, Plaintiff's cervical spine showed full flexion, extension, lateral flexion bilaterally, and full rotary movement bilaterally. AR at 319-21. Dr. Siddiqi diagnosed neck pain, depression, anxiety and bipolar disorder, *id.* at 321, with a fair longstanding prognosis, *id.* at 322, and stated Plaintiff was unlimited in her ability to sit, stand, climb, push, pull, or carry heavy objects. *Id.*

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for determining the pending motions for judgment on the pleadings.
[4] The record does not indicate the nerve involved.

Dr. Luna noted Plaintiff's history of bipolar disorder since 2006, and current and chronic medical conditions of neck and back pain and stiffness, muscle pain and numbness. AR at 323. Mental status examination showed Plaintiff with dysphoric mood, dysthymic mood, mildly impaired recent and remote memory skills, below average intellectual functioning, fair insight and judgment, poor adaptive functioning skills with regard to self-care, social engagement, social community awareness, self-direction, home living, leisure, and work, and mildly limited by distractibility as to learning new tasks and appropriately dealing with stress, although Dr. Luna reported Plaintiff's psychiatric problems did not appear sufficiently significant to interfere with Plaintiff's ability to function on a daily basis. *Id.* at 324-26. Dr. Luna diagnosed bipolar II disorder, panic disorder, back and neck pain and stiffness, and muscle pain and numbness, with fair prognosis. *Id.* at 326-27.

## DISCUSSION

**1.    Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In

reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.     Disability Determination**

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

6

severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement,[6] there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof

---

[6] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

7

on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff meets the Act's insured status requirement for SSDI through December 31, 2017, AR at 29, Plaintiff has not engaged in substantial gainful activity since October 8, 2013, her alleged disability onset date, *id.*, Plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine, cervicalgia, cervical spondylosis without myelopathy, and migraine headaches, *id.* at 29, but that Plaintiff's other medically determinable impairments, including anxiety, depression, and bipolar disorder, considered singly, or in combination, do not pose more than minimal impact on Plaintiff's ability to do work activities,[7] *id.*, at 30-31, such that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any impairment in the Listings in Appendix 1, *id.* at 31, and that Plaintiff retains the RFC to perform light work including frequently handling and

---

[7] Although Plaintiff testified at the administrative hearing that her primary physical complaint is fibromyalgia, AR at 58, Plaintiff did not include fibromyalgia as a disabling condition in her disability benefits application, AR at 178, and the ALJ found the administrative record devoid of any medical evidence establishing Plaintiff exhibits the symptoms associated with fibromyalgia, as set forth in SSR 12-2p (evaluating fibromyalgia) and SSR 96-4p (evaluating medically determinable physical and mental impairments). AR at 29. Accordingly, the ALJ did not find that fibromyalgia is a medically determinable impairment for Plaintiff. *Id.* at 29-30. Plaintiff does not challenge this finding. The court notes that Plaintiff was diagnosed with fibromyalgia on February 24, 2014, AR at 441, and fibromyalgia was suspected on February 27, 2014, for which diagnostic imaging was ordered. AR at 334. The EMG study was conducted on March 18, 2014 and was normal, AR at 337, 339-40, yet Plaintiff continued to be diagnosed with fibromyalgia. AR at 337 (March 18, 2014), 343 (April 8, 2014), 401 (March 17, 2015). 613 (September 15, 2015), 580 (September 28, 2015), 634 (November 30, 2015), 584 (December 29, 2015), and 654 (January 26, 2016). According to SSR 12-2p, a diagnosis of fibromyalgia requires, *inter alia*, "[a] history of "widespread pain – that is, pain in all quadrants of the body (the right and left sides of the body, both above and below the waist.)". The record is devoid of evidence establishing Plaintiff's alleged pain meets this criteria, particularly, there is no evidence of fibromyalgia pain in Plaintiff's lower body, which is consistent with Plaintiff's administrative hearing testimony that fibromyalgia trigger points in her upper body and migraine headaches prevented her from working. AR at 55-56, 58.

fingering with the right upper extremity, but is limited to simple routine and repetitive tasks, is unable to work at unprotected heights or around moving mechanical parts. AR at 31-41. The ALJ concluded Plaintiff is unable to perform any PRW, AR at 41, is a younger individual, *id.*, with a limited education but able to communicate in English, *id.*, for whom the issue of transferability of skills is not material, *id.* at 42, and based on the Medical-Vocational Guidelines set forth in 20 C.F.R. Part 404, Subpt. P, Appendix 2 ("the Grids"), with the VE's assistance, is capable of performing work existing in significant numbers in the national economy including work as a cleaner/housekeeper, ticket taker, and mail clerk and, as such, is not disabled as defined under the Act. *Id.* at 42-43. Plaintiff does not contest the ALJ's findings with regard to the first, second, and third steps of the five-step analysis, but argues that at step four, the ALJ improperly weighed Dr. Luna's consulting opinion in arriving at a determination that is not supported by substantial evidence in the record, Plaintiff's Memorandum at 12-14, and failed to adequately explain the evidence on which she relied in finding Plaintiff is not disabled. *Id.* at 14-15. In opposition, Defendant argues the ALJ's conclusion regarding Plaintiff's RFC is consistent with Dr. Luna's entire opinion, Defendant's Memorandum at 16-18, and the ALJ sufficiently supported her RFC determination with references to the relevant evidence. *Id.* at 18-20. Because Plaintiff does not challenge the ALJ's findings at the first, second and third steps, the undersigned does not address them. A review of the administrative record establishes it does not contain substantial evidence supporting the ALJ's determination that Plaintiff retains the RFC to perform light work, including frequent handling and fingering with her right upper extremity, and limited to simple

routine and repetitive tasks, and no work at unprotected heights or around moving mechanical parts, is supported by substantial evidence in the record.

In particular, insofar as Plaintiff maintains the ALJ ignored Dr. Luna's finding that Plaintiff has mild limitations in learning new tasks and appropriately dealing with stress, Plaintiff's Memorandum at 12, this argument is predicated on the ALJ's failure to reference such finding, which failure Plaintiff maintains establishes the ALJ implicitly rejected that portion of Dr. Luna's opinion, asserting such implicit rejection is especially significant because stress-related limitations can substantially erode Plaintiff's occupational base. *Id.* at 12-14. A plain reading of the ALJ's decision, however, establishes the ALJ considered Dr. Luna's finding that Plaintiff's "mood was reported as dysthymic," AR at 39, and diagnosed Plaintiff with, *inter alia*, a panic disorder. *Id.* Further, whether the record contains substantial evidence supporting the claimant's review is irrelevant as "[i]f there is substantial evidence to support the [Commissioner's][8] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). Nor, contrary to Plaintiff's argument, Plaintiff's Memorandum at 14, is the ALJ required to discuss on the record every piece of evidence that contributed to the ALJ's decision, so long as the record permits a reviewing court "'to glean the rationale of an ALJ's decision.'" *Cichocki v. Astrue*, 729 F.3d 172, 178 n. 3 (2d Cir. 2013) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)). Significantly, here, the ALJ's determination that Plaintiff "is limited to simple routine and repetitive tasks, AR at 31, is consistent with Dr. Luna's opinion, AR at 324-25, that Plaintiff's recent and remote memory skills are mildly impaired, Plaintiff has below average intellectual functioning,

---

[8] Unless otherwise indicated, bracketed text has been added.

fair insight and judgment, poor adaptive functioning skills, and is mildly limited by distractibility as to learning new tasks and appropriately dealing with stress. *See Cowley v. Berryhill*, 2018 WL 2253123, at * 3 (W.D.N.Y. May 17, 2018) (holding ALJ adequately accounted for claimant's moderate limitation in handling stress by limiting claimant to simple, unskilled tasks with no more than occasional changes in the work setting). Similarly, in the instant case, the ALJ's hypotheticals posed to the VE were "limited to simple, routine, and repetitive tasks," AR at 85, well within both Plaintiff's exertional and nonexertional limitations. Furthermore, as defined under SSR 85-15, "unskilled work" requires "the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situation; and to deal with changes in a routine work setting," which abilities are consistent with Dr. Luna's determination that Plaintiff can "maintain attention and concentration, maintain a regular schedule, perform complex tasks independently, make appropriate decisions, and relate adequately with others," AR at 326, and that Plaintiff's psychiatric problems are not "significant enough to interfere with the claimant's ability to function on a daily basis." *Id.* Such evidence is more than sufficient to permit the court to "glean" the ALJ's rationale for his decision. *Cichocki*, 729 F.3d at 178 n. 3. Accordingly, the ALJ's decision is supported by substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 9) is DENIED; Defendant's Motion (Dkt. 12) is GRANTED. The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: January 24, 2019
             Buffalo, New York